DENNIS, Circuit Judge,
concurring in part in the judgment:
I respectfully concur in the majority opinion’s decision that the CVRA does not *331 grant crime victims a right to a direct appeal from a district court’s rejection of her claim for restitution under 18 U.S.C. § 2259; that the CVRA grants crime victims only a right to seek traditional mandamus review; and that the CVRA grants the government the right to seek mandamus and to retain its right to a direct appeal.
I further agree with the majority that neither the Government nor the victim is required to prove that the victim’s losses defined by 18 U.S.C. § 2259(b)(3)(A)-(E) were a proximate result of the defendant’s crime; it is only “any other loss suffered by the victim” that must be proved to be “a proximate result of the offense.” Id. § 2259(b)(3)(F). Section 2259(c) defines “victim” as an “individual harmed as a result of a commission of a crime under this chapter,” but it does not require a showing that the victim’s losses included in § 2259(b)(3)(A)-(E) be a “proximate result of the offense.” From this, I infer that the statute places only a slight burden on the victim or the government to show that the victim’s losses or harms enumerated in those subsections plausibly resulted from the offense. Once that showing has been made, in my view, a presumption arises that those enumerated losses were the proximate result of the offense, which the defendant may rebut with sufficient relevant and admissible evidence.
Finally, I agree with the majority’s conclusion that where a defendant is convicted of possessing child pornography, a person is a victim under the statute if the images include those of that individual. In these cases, I agree that the government and the victim have made a sufficient showing, unrebutted by the defendant, that the victim is entitled to restitution of losses falling under 18 U.S.C. § 2259(b)(3)(A)-(E). Therefore, I concur in that part of the majority’s judgment that vacates the district courts’ judgments and remands the cases to them for further proceedings.
In remanding, however, I would simply direct the district courts to proceed to issue and enforce the .restitution orders in accordance with 18 U.S.C. § 3664 and 3663A, as required by § 2259(b)(2). Going forward, I believe it best to permit district courts to craft procedural and substantive devices for ordering restitution that would take into account both the mandatory nature of full restitution for crime victims under section 2259 and the mechanical difficulties of crafting orders given the possibility of multiplicitous liability among hundreds of defendants under circumstances that may change over time. While I admire the majority’s effort to provide guidance to the district courts in their extremely difficult task of molding and merging these federal statutes, §§ 2259, 3663A, and 3664, into a legal, just, and predictable system, I believe that effort is premature in this court at this time on the present record. Rather, I would leave the decision as to how to proceed under these statutes to the district courts, which may decide to take additional evidence and require study and briefing by the parties to assist them in these difficult cases.